**NORTON COMPANY, Appellant,**

v.

**BEAR MANUFACTURING COMPANY, Appellee.**

**Patent Appeal No. 8453.**

United States Court of Customs and Patent Appeals.

March 11, 1971.

---

4. See Note 1.

Edward M. Prince, Washington, D. C. (Cushman, Darby & Cushman), Washington, D. C., attorney of record, for appellant; C. Willard Hayes, Washington, D. C., James Spool, Niskayuna, N. Y., of counsel.

James M. Parker, Thomas R. Juettner, Chicago, Ill. (Gary, Parker, Juettner, Pigott & Cullinan), Chicago, Ill., for appellee.

Before RICH, ALMOND, BALDWIN, LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, 157 USPQ 634 (1968), sustaining appellee's oppositions to appellant's registration of the mark BEAR[1] and of a design mark consisting of a bear's head[2] as reproduced in the board opinion, 157 USPQ at 635, both for "mineral oil, namely, a general-purpose lubricating and sharpening oil." We affirm.

Appellee based its oppositions on likelihood of confusion between the marks sought to be registered and its prior use of the mark BEAR–LUBE and of a design mark consisting of a laughing, standing bear, also reproduced in the board's opinion at page 635, for steering-column lubricants in both grease and liquid forms. These lubricants contain approximately 80–85% mineral oil.

■ Appellant advances several contentions here, all of which were raised before the board and, in our opinion, correctly decided by the board. We find it necessary to discuss only one of these contentions, i. e., that the goods involved are of such different character and move in such different channels of trade that confusion is unlikely.

Appellant points out that appellee has used its marks only on steering-gear lubricants, which it sold in fluid form in quart, gallon and five-gallon cans, and in grease form in 10, 25 and 120-pound cans and in drums up to 450 pounds. Appellant's oil, sold in 3-ounce, 1-pint and 1-quart containers, has more general uses. The record reveals that appellant's BEAR oil is

recommended for use in the home, office, factory and institutions, for sharpening operations including all BEAR Brand Stones, MULTI–OIL-STONES and MICROTOME Sharpeners. Also preferred for lubricating hinged or moving parts of hand tools, locks, casters, power tools, mechanical and electrical appliances, sewing machines, sport gear and toys.

The description of goods in appellant's applications is equally broad: "Mineral oil, namely, a general-purpose lubricating and sharpening oil." In view of such a broad description of goods and uses, we cannot attach much significance to the fact that the parties' goods have

---

1. Application serial No. 241,073, filed March 15, 1966.

2. Application serial No. 241,677, filed March 23, 1966.

thus far moved in different channels of trade. In an age of rapidly advancing technology, it would not be unlikely for a new use to develop for appellant's oil, in automobiles, for example. Even today a given automobile requires many widely different lubricants to keep it in good working order. Certainly any use of appellant's marks on lubricants destined for automotive use would be likely, in view of appellee's marks, to cause confusion as to source. Further, there is the possibility that either party might change the exact composition of its lubricant and hence be brought into competition with the other.

While it is true, as argued by appellant, that mere possibility of confusion will not under the law prevent registration, our consideration of all the circumstances of this case leads us to the conclusion that the board did not err in finding that confusion would be likely.

The decision of the board is affirmed.

Affirmed